UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 CONN, HOFFMAN, and GIFFORD
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private E1 JAMES D. GREENLEE
 United States Army, Appellant

 ARMY 20100115

 Headquarters, Fort Drum
 John Imhof, Military Judge
 Lieutenant Colonel Michael O. Lacey, Staff Judge Advocate (pretrial)
Lieutenant Colonel Robert L. Manley, III, Acting Staff Judge Advocate (post-
 trial)

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Jonathan
Potter, JA; Captain Shay Stanford, JA; Lieutenant Colonel Katherine A.
Lehmann, JA (on brief); Colonel Mark Tellitocci, JA; Lieutenant Colonel
Imogene Jamison, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA;
Lieutenant Colonel Katherine A. Lehmann, JA (on reply brief).

For Appellee: Major Christopher B. Burgess, JA; Captain Chad M. Fisher, JA
(on brief).

 30 June 2011

 -----------------------------------
 SUMMARY DISPOSITION
 -----------------------------------

Per Curiam:

 A military judge sitting as a special court-martial convicted
appellant, pursuant to his pleas, of absence without leave and two
specifications of wrongful use of a controlled substance in violation of
Articles 86 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886
and 912a [hereinafter UCMJ]. The judge sentenced appellant to a bad-conduct
discharge, confinement for ten months and forfeiture of $964.00 pay per
month for ten months. Pursuant to a pretrial agreement, the convening
authority approved only so much of the sentence as extended to a bad-
conduct discharge, confinement for five months and forfeiture of $964.00
pay per month for ten months.

 FACTS

 To understand the issues in this case, it is necessary to consider
the authority to convene general and special court-martial. Courts-martial
convening authority broadly derives from two basic sources: designation
by statute or by secretarial (or presidential) authority. Article 22, UCMJ
(10 U.S.C. § 822) designates who may serve as a general court-martial
convening authority (GCMCA). Article 23, UCMJ (10 U.S.C. § 823) designates
who may serve as a special court-martial convening authority (SPCMCA). See
Rule for Court-Martial [hereinafter R.C.M.] 504(b). Army corps (and
higher) commanders as well as division and separate brigade commanders are
statutory GCMCAs. UCMJ art. 22(a)(5). A GCMCA also has authority to
convene a special court-martial. UCMJ art. 23(a)(1). Service secretaries
(and other authorities) may designate any commanding officer as a GCMCA.
UCMJ art. 22(a)(8). Courts-martial convened pursuant to a secretarial
(rather than statutory) authority must state that authority in the
convening order. R.C.M. 504(d)(1).

 By secretarial designation, the Commander, Fort Drum, is a GCMCA. By
statute, the Commander of 10th Mountain Division is a GCMCA. However,
there is no evidence of a current “combined” GCMCA designated as “10th
Mountain Division and Fort Drum.” The memorandum seeking nominations for
court-martial members and the charge sheet referral section (DD Form 458,
Part V, Block 14a) lists the convening authority as Commander, Fort Drum.
After selection of court-martial members but before referral of appellant’s
case, command of both 10th Mountain Division and Fort Drum changed from
Major General (MG) Oates to MG Terry. Assumption of command orders are
included in the record of appellant’s case. Upon assumption of command, MG
Terry did not select new or different court-martial members. MG Terry, the
Commanding general of the 10th Mountain Division and the Commander of the
installation Fort Drum, New York, convened appellant’s special court-
martial pursuant to court-martial convening order [hereinafter CMCO] number
8.

 Confusion arises out of the fact that numerous documents in this court-
martial case refer to or are addressed to the “Commander, 10th Mountain
Division (LI) and Fort Drum.” For example, the staff judge advocate’s (SJA)
panel selection advice memorandum and the convening authority’s panel
selection memorandum, as well as the court-martial convening order,
pretrial advice, result of trial, SJA recommendation, addendum, action and
promulgating order are all under the letterhead and/or addressed to
Commander, 10th Mountain Division (LI) and Fort Drum.

 It is important to understand the history of the various Department of
the Army General Orders [hereinafter DAGO] that preceded appellant’s case.
On 8 October 1985, the Secretary of the Army issued DAGO 25, thereby
creating a combined GCMCA of Commander, 10th Mountain Division (Light
Infantry) and Fort Drum. Seven years later, the Commander, U.S. Army
Garrison, Fort Drum, New York was designated as a GCMCA on 22 January 1993
by DAGO 2. On 30 March 2000, DAGO 6 created 10th Mountain Division (Light
Infantry) (Rear) effective 2 June 1999. Finally, on 12 August 2004, DAGO 8
rescinded DAGOs 2, 6, and 25. DAGO 8 created a single GCMCA by stating
that “[t]he commanding officer of the Fort Drum military installation is
designated . . . as a general courts-martial convening authority.” To
date, DAGO 8 remains in effect.

 Based on these facts, appellant alleges a jurisdictional defect on
two grounds. First, appellant asserts that, given the alternate convening
authorities identified in various documents related to appellant’s case,
the UCMJ authority under which the convening authority acted is ambiguous
and amounts to a “potential” jurisdictional defect. Second, appellant
alleges that as a successor in command to MG Oates, MG Terry, failed to
expressly adopt the court-martial members selected by MG Oates, and
therefore failed to personally select members who would have served in
appellant’s case under UCMJ art. 25(d)(2).

 LAW AND ANALYSIS

 Based on the affidavit of the SJA, we find that appellant’s first
assigned error lacks merit. We conclude there is no jurisdictional defect,
despite the various headings of the documents under which the convening
authority purported to act. Major General Terry properly convened this
special court-martial. UCMJ art. 23(a)(1). See also United States v.
Gates, 21 M.J. 722 (A.C.M.R. 1985).

 With respect to appellant’s second assignment of error, we find that
the alleged error warrants discussion but no relief. The failure of MG
Terry to formally adopt the members detailed on CMCO number 8 in this case
is not the real issue. CMCO number 8 itself, issued by command of MG
Terry’s predecessor, MG Oates, fails to properly reference the commander’s
authority. The heading of CMCO number 8 says “Headquarters, 10th Mountain
Division (LI) and Fort Drum,” as if such a combined convening authority
exists. As is clear from the SJA’s affidavit and supporting documentation,
it does not. A commander may only select (in MG Oates’ case) or adopt (in
MG Terry’s case) panel members according to the authority that he is
exercising. This ambiguity—namely, whether the members selected by MG Oates
were properly selected and detailed from appropriate units, in accordance
with R.C.M. 503(a)(3) in his capacity as the Commander, Fort
Drum—potentially could have caused error but did not in the case at hand.

 That said, we urge a greater sensitivity to correctly, accurately, and
consistently identifying the convening authority being exercised in all
court-martial documents. Commanders exercising a secretarial designation
must follow the requirements of R.C.M. 504(d)(1) by explicitly stating it
in convening orders. Likewise, so long as the Army continues its practice
of designating a “combined” but distinct GCMCA made up of separate GCMCAs,
SJAs should avoid ad hoc designations, which gave rise to the issue
presented in this case. SJAs should also be mindful of the extent of the
commander’s authority in the selection and adoption of panel members to
ensure that the authority is exercised properly.

 Conclusion

 On consideration of the entire record, we hold the findings of guilty
and the sentence as approved by the convening authority correct in law and
fact. Accordingly, those findings of guilty and the sentence are AFFIRMED.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court